UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
No. 15-cv-10056 JLK

MICHAEL T. NESTICO,
Plaintiff,

v.

BRIT SYNDICATE #2987, and
GLOBAL MARINE INSURANCE AGENCY,
Defendants.
_____/

## DEFENDANT BRIT SYNDICATE #2987'S SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

COMES NOW the DEFENDANT BRIT SYNDICATE #2987(hereinafter Brit) by and through its undersigned attorney and pursuant to written agreement with Plaintiff and makes and files this its Second Amended Answer and Affirmative Defenses to the Complaint and in support thereof would show as follows:

1. Any allegation which is not admitted is to be deemed denied.  Strict proof is demanded of all allegations which are denied.

2. With respect to the allegations contained in Paragraph 1 Defendant Brit denies that it is liable to provide insurance for a "stolen boat" as referenced in the Complaint and demands strict proof thereof at time of trial.

3. The Defendant denies knowledge and information sufficient to form a belief with respect to the allegations contained in Paragraphs 2 and 4. Strict proof is demanded of the allegations of those paragraphs at time of trial.

4. With respect to the allegations contained in Paragraph 3, Brit Syndicate admits that it is an Underwriter at Lloyd's authorized to do business and transact business in the State of Florida, all remaining allegations are denied with strict proof being demanded at time of trial.

5. With respect to the allegations contained in Paragraph 5, Defendant denies knowledge and information sufficient to form a belief with respect to same and demands strict proof at time of trial.

6. With respect to the allegations contained in Paragraph 6, Defendant denies same and demands proof thereof at time of trial.

7. Defendant denies knowledge and information sufficient to form a belief with respect to the allegations contained in Paragraphs 7 and 8 and demands strict proof thereof at time of trial.

8. With respect to the allegations contained in Paragraph 9 Defendant Brit admits that Global has requested placement of insurance with Brit Syndicate and that Brit Syndicate has with respect to particular insureds provided insurance coverage for vessels as requested by Global. Brit denies the remaining allegations contained in Paragraph 5 and demands proof thereof at time of trial.

9. Defendant denies knowledge as to the allegations contained in Paragraph 10 and demands proof thereof at time of trial.

10. Defendant denies the allegations contained in Paragraph 11 and demands proof thereof at time of trial.

11. Defendant denies knowledge and information sufficient to form a belief with respect to the allegations contained in Paragraphs 12,13,14, and 15, and demands proof thereof at time of trial.

12. Defendant denies the allegations contained in Paragraphs 16 and 17 and demands proof thereof at time of trial.

13. With respect to the allegations contained in Paragraph 18, Defendant Brit admits that a marine loss notice dated July 29, 2014 was submitted by Global Insurance Agency identifying the insured as Michael T. Nestico.  All remaining allegations of Paragraph 18 are denied and strict proof demanded thereof at time of trial.

14. Defendant denies the allegations contained in Paragraphs 19, 20, 21, 22, 23, 24, and 25 of the Complaint and demands strict proof at time of trial.

15. With respect to the allegations contained in Paragraph 26, repeating and re-alleging the foregoing paragraphs, the allegations are denied or admitted as more particularly set forth above.

16. Defendant denies that Mr. Nestico has satisfied all the applicable terms, conditions and requirements of the boat insurance policy issued by Brit to Mr. Nestico. Defendant further denies any terms or conditions have been waved. Specifically,  the policy

contained a GPS warranty which required an active GPS monitoring and tracking system onboard the vessel for theft coverage to attach. Nestico failed to comply with that policy condition.

17. Defendant denies the allegations contained in Paragraphs 28, 29, and 30 of the Complaint and demands strict proof thereof at time of trial.

18. With respect to the allegations contained in Paragraph 31, repeating and re-alleging the preceding Paragraphs, same are denied or admitted as more particularly set forth above.

19. Defendant denies the allegations contained in Paragraphs 32, 33, and 34 and demands strict proof thereof at time of trial.

20. The allegations contained in Paragraph 35 through 40 comprise Count III which has been dismissed by this Court by Order entered July 2, 2015 and no response is required thereto.

21. With respect to the allegations contained in Paragraph 40 through 61 Defendant would assert that same constitute causes of action directed to a Defendant other than answering Defendant. To the extent that a response is required same are denied and strict proof demanded at time of trial.

22. The Defendant generally denies that it is liable to Plaintiff under any theory of law pled in the Complaint.

23. The Defendant generally denies that it is liable to Plaintiff under the facts set forth in the Complaint.

## AFFIRMATIVE DEFENSES

1. As and for a Defense and first Affirmative Defense or Defense, Defendant would assert that the Complaint fails to state a cause of action upon which relief can be granted and same should be dismissed.

2. As and for a second and further Defense or Affirmative Defense, Defendant would assert that the Plaintiff's right to recover under the policy is barred by Plaintiff's failure to comply with policy conditions and warranties including the GPS Navigation Warranty which at all times was a material part of the policy and precluded coverage for theft absent compliance with the warranty. Defendant affirmatively asserts that the policy at issue would not have been issued without the GPS warranty which is a standard policy term and condition for the class of insurance involved herein.

3. As and for a third and further Defense or Affirmative Defense, Defendant would assert that Plaintiff had failed to comply with the policy terms and conditions and representations with respect to the dockage and mooring of the vessel. Plaintiff made affirmative representations as to where the vessel would be docked. Upon information and belief the vessel was not docked at the approved location. Upon information and

    belief Plaintiff deliberately and intentionally allowed the vessel to be docked at a location other than that which was represented in the application and agreed to by the Underwriters. The representation as to the mooring of the vessel is a material representation under the policy.

4. As and for a fourth and further Defense or Affirmative Defense, Defendant would assert that Plaintiff has failed to mitigate his damages and his recovery should be diminished by the failure to mitigate the damages. Specifically, upon information and belief Plaintiff located or identified the location of its vessel after the alleged theft but failed to take steps to retrieve the vessel and did not advise legal authorities as to the location of the vessel to allow government authorities to take steps to retrieve same. Plaintiff's failure to mitigate his damages should reduce any recovery resulting to Plaintiff.

5. As and for a fifth and further Defense or Affirmative Defense or Defense, Defendant would assert that Plaintiff's Complaint is barred by Plaintiff's misrepresentations and false statements in securing a coverage under policy. Plaintiff in acceptance of the policy represented to the insurers that it would comply with all policy terms, conditions and warranties including the warranty with respect to the GPS system. Plaintiff at the time it applied for the insurance knew or should have known that it did not have a GPS system onboard the vessel which complied with the policy requirements. Notwithstanding the foregoing Plaintiff directly or through its agents represented to Underwriters that the system was in compliance with GPS warranty in order to try and secure coverage for theft of the vessel and then made a claim for theft of the vessel. As a result of Plaintiff's misrepresentation to underwriters which Plaintiff made with intent to induce underwriters to rely to their detriment Plaintiff's cause of action is barred and should be dismissed.

6. As and for a sixth Defense or Affirmative Defense, Defendant would assert Plaintiff's claim is barred by the equitable doctrine of unclean hands.

7. As and for an seventh Defense or Affirmative Defense, Defendant would assert Plaintiff's claim is barred by the policy terms and conditions with respect to theft of the vessel and more particularly by to Physical Damage coverage Section 2 Loss Conditions B. Theft which states:
    > We will not pay for loss, damage or expense caused by theft and/or attempted theft of the insured watercraft, outdrive units and/or outboards unless the vessel was at the time of the loss accessed by a person making felonious entry into:
    > i. A locked fenced commercial boat storage facility or marina.
    > ii. A locked garage or building.
    > iii. A commercial marina location.
    > iv. An approved private residence.
    > It is further understood and agreed that we will not pay for loss, damage or expense caused by theft and/or attempted theft of the insured watercraft, outdrive units and/or outboards:

    1) when the insured vessel is stored on a lift unless evidenced by the forcible destruction or defeat of a theft protected boat lift mechanism

Upon information and belief at the time of the loss the vessel was stored on a lift which was not a theft protected boat lift mechanism and the lift mechanism. Upon information and belief there was no evidence of forcible destruction or defeat of the boat lift mechanism. The mechanism was activated by engaging the on off switch which was not locked or secured in a theft protection receptacle or otherwise protected from theft and therefore the theft is not covered by the policy.

8. As and for an eighth and further Defense or Affirmative Defense or Defense, Defendant would assert that Plaintiff's Complaint is barred by Plaintiff's misrepresentations and false statements in securing a coverage under policy as to his loss history. In response to inquiry on the application Plaintiff responded that no operator of the vessel had been involved in a marine loss in the ten years prior to the application and there was no loss history. Plaintiff, Michael Nestico is an operator of the vessel. Plaintiff Michael Nestico has been involved in two marine losses within the ten years prior to completion of the application. Misrepresentation as to the loss history of the applicant is a material misrepresentation effecting the underwriting of the policy. Pursuant to the policy terms and conditions a material misrepresentation or concealment of material fact voids the policy regardless of intent.

9. As and for a ninth and further Defense or Affirmative Defense or Defense, Defendant would assert that Plaintiff's Complaint is barred by Plaintiff's breach of its obligations of *uberrima fidei* under general maritime law. "The age-old federal marine-insurance doctrine of uberrimae fidei governs" actions involving marine policies and is "the controlling federal rule even in the face of contrary state authority" *AIG Centennial Ins. Co. v. O'Neill,* 782 F.3d 1296, 1302-03 (11th Cir. 2015). Under the doctrine of *uberrima fidei,* an insured who conceals or misrepresents a material fact commits "manifest fraud, which avoids the policy" whether the misrepresentation is willful or accidental, or results from mistake, negligence or voluntary ignorance. In the instant matter the insured has made misrepresentations to the Defendant Underwriter in breach of his obligations of *uberrima fidei* and the Defendant can therefore avoid coverage under the policy.

10. As and for an tenth and further Defense or Affirmative Defense or Defense, Defendant alleges that at all times material hereto the policy of insurance was procured through material misrepresentations made on the application or otherwise during the contractual formation process Plaintiff made material misrepresentations regarding the vessel equipment, dockage and operator loss history. Such misrepresentations render the policy void pursuant to Florida Statutes 627.409. as well as under the policy terms and conditions.

11. Defendant reserves the right to add additional Defenses as they become known.

In light of the foregoing, Defendant seeks an Order of this Court entering Judgment in its favor and dismissing the Complaint together with such other and further relief as proper.

Dated:  January 7, 2016			Respectfully Submitted,

*s/ Darlene M. Lidondici*
Darlene M. Lidondici (FBN 516521)
dml@fertig.com
Christopher R. Fertig (FBN 218421)
chris.fertig@fertig.com
**Fertig & Gramling**
200 Southeast 13th Street
Fort Lauderdale, FL 33316
Telephone:     954-763-5020
Facsimile:     954-763-5412
*Attorneys for Defendant Brit Syndicate #2987*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic filing with the Clerk of the Court using CM/ECF on this 7th day of January 2016 on all counsel or parties of record on the attached Service List below.

By: *s/ Darlene M. Lidondici*
Darlene M. Lidondici
F.B.N. 516521

## SERVICE LIST

Walter J Andrews
**Hunton & Williams LLP**
1111 Brickell Avenue
Suite 2500
Miami, Florida  33131
Telephone:    305-810-6407
wandrews@hunton.com
*Attorney for Michael T. Nestico*

Steven J. Chackman
**Bernstein Chackman Liss**
4000 Hollywood Blvd – Suite #610 North
Hollywood, FL  33021
Telephone:    954-986-9600
Fscsimile:    954-929-1166
schackman@bernstein-chackman.com
*Attorney for Global Marine Insurance Company*